133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Fred BRADY, Plaintiff-Appellant,
v.
T.B. PERSINGEY; Evans; J. Higgins, Captain CTF; Pope,
Lt., Fire Chief, CTF Central; T.E. Alexander, Lt., 3rd
Watch Commander CTF South; L.F. Parrish; Perez, Assoc.
Warden, Program Administrator CTF South, Defendants-Appellees.
 No. 97-15592.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willie Fred Brady, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging racial discrimination, denial of due process, and a retaliatory transfer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 With respect to Brady's claim of racial discrimination, we conclude that the record contains no evidence that any of the defendants engaged in intentional acts of racial discrimination. See Washington v. Davis, 426 U.S. 229, 239-40 (1976) (establishing that violation of the Equal Protection Clause requires evidence of discriminatory intent); Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir.1978) (establishing that liability under § 1983 requires evidence of individual participation in the alleged violation).
 
 
 4
 With respect to Brady's claim that he was denied due process, we conclude that because he was found not guilty of the rule violation which gave rise to the disciplinary hearing in question, Brady had no liberty interest giving rise to the procedural guarantees outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that to have a liberty interest giving rise to procedural guarantees of Wolff a prisoner must suffer "hardship").[1]
 
 
 5
 With respect to Brady's claim that he was transferred in retaliation for filing a civil complaint, we note that his complaint was filed with the district court almost one month after the allegedly retaliatory transfer. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995) (finding that prisoner had failed to establish a claim of retaliation where there was insufficient evidence linking the exercise of a constitutional right and the allegedly retaliatory action). Moreover, we conclude that transferring Brady to another prison to protect him from assault by another inmate or to prevent him from assaulting another inmate is a legitimate penological interest which defeats a claim of retaliation. See Pratt, 65 F.3d at 806-07.
 
 
 6
 Accordingly, the district court did not err by granting summary judgment for defendants. See Barnett, 31 F.3d at 815.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Brady is contending that his transfer to another prison was an atypical and significant hardship giving rise to a liberty interest, we reject his contention. See Cal.Penal Code § 5080; Sandin, 515 U.S. at 483-84 (approving the principles and result in Meachum v. Fano, 427 U.S. 215, 226-27 (1976))
 
 
 [2]
 Because Brady's September 12, 1997 motion seeks injunctive relief against persons who are not parties to the present appeal, we deny Brady's motion
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal